UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

STANLEY LEE SUMMER,            )
                              )
            Plaintiff,         )
                              )
v.                            )      No.:   **3:10-CV-169**
                              )             (VARLAN/SHIRLEY)
JERRY GLENN CUNNINGHAM, *et al.*,  )
                              )
            Defendants.        )

## <u>MEMORANDUM OPINION</u>

This civil action is before the Court on the following motions:

1.   Motion to Dismiss and/or for Summary Judgment [Doc. 36], filed by
     defendants Jerry Glenn Cunningham ("Cunningham"), James Lee Berrong
     ("Berrong"), Randall Mercks ("Mercks"), Lisa Whitehead ("Whitehead"),
     Jimmy West ("West"), Doug Moore ("Moore"), and Ron Dunn ("Dunn"), all
     in their individual capacities;

2.   Motion to Dismiss and/or for Summary Judgment [Doc. 37], filed by
     defendant Jon Bock, d/b/a Bock's Moving and Storage ("Bock");

3.   Motion to Dismiss [Doc. 43], filed by defendant Joe Fillers ("Fillers");

4.   Motion for Summary Judgment [Doc. 46], filed by defendants Phillip and
     Donna Hayes ("Phillip and Donna Hayes'"); and

5.      Motion and Amended Motion to Dismiss and/or Motion for Summary Judgment [Doc. 74; Doc. 76], filed by defendant Jerry Hall, individually and d/b/a Butler's Wrecker's Service ("Hall").

Plaintiff Stanley Lee Summer, proceeding *pro se*, has responded in opposition [Doc. 55] to the motion for summary judgment filed by defendants Phillip and Donna Hayes. Plaintiff has also filed a response in opposition and motion to strike [Doc. 78; Doc. 81] the amended motion and motion to dismiss and/or for summary judgment filed by defendant Hall. Plaintiff has not filed responses to the other motions and the time for doing so has passed. *See* E.D. TN. LR 7.1(a), 7.2.

The Court has carefully reviewed the pending motions, along with the response briefs, all in light of the relevant law. For the reasons set forth herein, the motion to dismiss and/or for summary judgment [Doc. 36] of defendants Cunningham, Berrong, Mercks, Whitehead, West, Moore, and Dunn will be granted, the motion to dismiss and/or summary judgment [Doc. 37] of defendant Bock will be granted, the motion to dismiss [Doc. 43] of defendant Fillers will be granted, the motion for summary judgment [Doc. 46] of defendants Phillip and Donna Hayes will be granted, and the amended motion and motion to dismiss and/or motion for summary judgment of defendant Hall [Doc. 74; Doc. 76] will also be granted. Defendant Bock's request for attorneys fees will be denied. To the extent plaintiff has filed motions to strike pleadings [Doc. 78; Doc. 81], these requests will be denied. This case will be closed.

# I.    Procedural Background and Relevant Facts

Plaintiff filed his initial complaint on April 22, 2010, asserting claims against various entities and individuals for civil rights violations pursuant to 42 U.S.C. § 1983 ( "§ 1983 ") and other federal laws [*see* Doc. 1].  Plaintiff filed an amended complaint (the "complaint") on June 10, 2010 [*see* Doc. 25].   On June 25, 2010, defendant Berrong, in his official capacity, defendant Cunningham, in his official capacity, defendant Blount County SWAT Team, defendant Blount County, Tennessee, and defendant Robert Goddard, individually and d/b/a Goddard and Gamble Attorneys at Law, filed a motion to dismiss [Doc. 34].  On July 20, 2010, the Court granted the motion and dismissed these defendants from this case [Doc. 41].[1]

According to the complaint, plaintiff's wife filed for divorce on February 20, 2003 [*Id.*, p. 3].  Following the divorce action, plaintiff alleges he was served at his residence with a summons, divorce papers, and an eviction notice notifying him that he must vacate his residence [*Id.*, p. 4].  Plaintiff alleges that the eviction notice was signed by W. Dale Young, judge of Blount County Circuit Court [*Id.*].  On June 9, 2009, plaintiff alleges that a sale of his residence occurred at which defendant Fillers placed the highest bid [*Id.*, p. 5].  After winning the bid, plaintiff alleges that defendant Fillers violated the terms of the sale [*Id.*].

---

[1] This order of dismissal was entered by the Honorable Leon Jordan, United States District Judge, the district judge initially assigned to this case.  Judge Jordan subsequently recused himself and, on October 13, 2010, this case was reassigned to the undersigned [*see* Docs. 57, 58].

On July 8, 2009, plaintiff alleges that deputies from the Blount County Sheriff's Department, including defendants Mercks, Whitehead, and West, along with private citizens defendant Bock and defendant Hall, seized pieces of plaintiff's private property [Doc. 25, p. 5]]. Plaintiff alleges that these seizures were improper and that defendants "failed to show a court order or judgement for a court of competent jurisdiction[.]" [*Id.*]. Plaintiff also alleges that defendant Bock and defendant Hall purloined plaintiff's property, an act "assisted and ratified" by Jarrod Millsap [*Id.*]. On July 28, 2009, plaintiff alleges that members of the Blount County "Swat Team," including several defendants, charged toward his residence, threatened plaintiff and his dogs, improperly seized several of the dogs, and arrested plaintiff without probable cause [*Id.*, pp. 6-7].

## II.    Standard of Review

### A.    Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires [a court] to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, — U.S.—,—, 129 S. Ct. 1937, 1949 (2009).

A party may move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain allegations supporting all material elements of the claims. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and must be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. A formulaic recitation of the elements of a cause of action will not do. *Id.* Nor will an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1937. A pleading must instead "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

## B.      Federal Rule of Civil Procedure 56

Summary judgment under Federal Rule of Civil Procedure 56(c) is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2

(1986).  Accordingly, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002).  The moving party may support the motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial.  *Celotex*, 477 U.S. at 324-25.  The nonmoving party may not rest upon the pleadings but must go beyond the pleadings and "by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *see also Celotex*, 477 U.S. at 323.  To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita*, 475 U.S. at 586.

As noted, plaintiff has elected to proceed *pro se* in this matter.  "[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted."  *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, the "lenient treatment generally accorded to *pro se* litigants has limits."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  "Neither this Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing cases).  Liberal federal pleading standards do not permit litigants–even

those acting *pro se*–to proceed on pleadings that are not readily comprehensible. *Cf. Becker v. Ohio State Legal Servs. Ass'n*, 19 F. App'x 321, 322 (6th Cir. 2001) (upholding district court's dismissal of *pro se* complaint containing "vague and conclusory allegations unsupported by material facts"); *Janita Theresa Corp. v. United States Attorney*, No. 96-1706, 1997 WL 211247, at *1 (6th Cir. Apr. 28, 1997) (upholding district court's dismissal of *pro se* complaint whose allegations were "far too muddled to serve as a basis for a proper suit").

## III.   Analysis

### A.   Defendant Cunningham

Defendant Cunningham, the mayor of Blount County, was sued by plaintiff in both his official and his individual capacities. Defendant Cunningham requested, and was granted, dismissal of plaintiff's official capacity claims against him [*see* Doc. 41]. Defendant Cunningham has now moved for dismissal of plaintiff's individual capacity claim against him.

Plaintiff's complaint contains only a cursory reference to defendant Cunningham–a reference to the "Mayor" in a introductory paragraph containing a summary of plaintiff's claims [Doc. 25, p. 3]. This reference is far from what is required for a plaintiff to sustain a claim against a defendant. *See Bishop*, 520 F.3d at 519 (stating that a complaint must contain allegations supporting all material elements of the claims). Accordingly, because plaintiff's complaint does not contain any allegations against defendant Cunningham, let alone direct or inferential allegations as to any material elements of a viable legal theory,

plaintiff's individual capacity claims against defendant Cunningham will be dismissed for failure to state a claim.

### B.    Defendants Moore, Dunn, Mercks, Whitehead, and West

Defendants Moore, Dunn, Mercks, Whitehead, and West are members of the Blount County Sheriff's Department.  According to the complaint, these defendants improperly "initiated direct attachment and seizure upon [plaintiff's] private property," [Doc. 25, p. 5], assaulted and arrested plaintiff without probable cause [*id.*, pp. 6-7], and deprived plaintiff of his "right to privacy, to be left alone, [and] peaceful ownership of his property" when these defendants came to plaintiff's residence on July 8 and July 28, 2010 [*Id.*; Doc. 3-12; Doc. 4, pp. 1-2].  In their motion to dismiss and/or summary judgment, these defendants assert that summary judgment in their favor is appropriate because they are entitled to absolute quasi-judicial immunity for their actions enforcing valid court orders issued by Blount County courts, such orders including a sheriff's order of sale of plaintiff's residence [Doc. 3-4], executions for personal property [Doc. 3-7], a detainer warrant [Doc. 3-8], and a writ of possession [Doc. 3-9; *see also* Doc. 3-12].

"It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 520 U.S. 9 (1991) (per curiam)); *Foster v. Walsh*, 864 F.2d 416 (6th Cir. 1988).  Absolute judicial immunity has been extended to non-judicial officers who perform "quasi-judicial" duties.  *Bush*, 38 F.3d at 847 (citing *Joseph v.*

8

*Patterson*, 795 F.2d 549, 560 (6th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Johnson v. Granholm*, 662 F.2d 449 (6th Cir. 1981)). Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune. *Id.* (citing *Scruggs v. Moellering*, 870 F.2d 376 (7th Cir. 1989)).

The United States Court of Appeals for the Sixth Circuit has held that such persons "must be permitted to rely upon a judge's findings and determinations to preserve the integrity of the court's authority and ability to function." *Bush*, 38 F.3d at 848.

> It does not seem logical to grant immunity to a judge in making a judicial determination and then hold the official enforcing or relying on that determination liable for failing to question the judge's findings. This would result in the official second-guessing the judge who is primarily responsible for interpreting and applying the law.

*Id.* Consequently, the Sixth Circuit has held that the execution of a court order is an act intrinsically associated with a judicial proceeding. *Id.* (citing *Patterson v. Von Riesen*, 999 F.2d 1235, 1240-41 (8th Cir. 1993) (applying quasi-judicial immunity to a warden); *Coverdell v. Dep't of Soc. & Health Servs.*, 834 F.2d 758 (9th Cir. 1987) (applying quasi-judicial immunity to a social worker); *Henry v. Farmer City State Bank*, 808 F.2d 1228 (7th Cir. 1986) (applying quasi-judicial immunity to a sheriff); *Tarter v. Hury*, 646 F.2d 1010 (5th Cir. 1981) (applying quasi-judicial immunity to court clerks).

The United States Supreme Court has endorsed a "functional" approach to determining whether a non-judicial officer is entitled to absolute immunity. *Id.* (citing *Forrester v. White*, 484 U.S. 219, 224 (1988); *Burns v. Reed*, 500 U.S. 478, 486 (1991)).

Under this functional approach, the district court must look to the nature of the function performed, and not to the identity of the actor who performed it, in determining whether absolute quasi-judicial immunity applies. *Id.* (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)).

In the instant case, defendants assert that they took possession of plaintiff's real and personal property pursuant to the instructions on the face of the court orders and that the items and property were sold at sales conducted by order of the sheriff and that credit for the proceeds was conveyed to plaintiff [Doc. 3-12, pp. 1-2]. As support for these assertions, defendants have submitted the relevant court orders and an affidavit by defendant Mercks who is captain of the Court Support Division of the Blount County Sheriff's Department [*see* Docs. 3-4, 3-6, 3-7, 3-8, 3-9, 3-12]. Defendants also assert that because plaintiff refused to leave his residence peaceably when defendants arrived to execute the writ of possession, defendants were forced to seize plaintiff in order to escort him safely off the premises [*Id.*, p. 2]. Defendants assert that plaintiff was not injured, was not arrested, and was allowed to collect whatever personal items he wished [*Id.*].

The Court has reviewed the court orders, the affidavit submitted by defendant Mercks, and the relevant pleadings, and has found no indication that the orders under which defendants were acting were not validly issued or were not issued by a judge acting in his judicial capacity. Further, the Court has no indication, beyond plaintiff's allegations, that defendants improperly carried out the court orders. Plaintiff has not responded to defendants' explanations of their actions in connection with the execution of the orders, nor

has plaintiff submitted any supporting affidavits or other evidence indicating that the orders were improperly carried out or were entered without proper judicial authority. Accordingly, the Court has only the allegations in plaintiff's complaint to defeat summary judgment. *See Celotex*, 477 U.S. at 323 (stating that the nonmoving party may not rest upon the pleadings but must go beyond the pleadings and by affidavit or otherwise, set forth specific facts showing that there is a genuine issue for trial). Given this, and in light of the evidence before the Court, the Court finds that defendants' actions "necessarily arose in the execution" of the court orders and defendants acted pursuant to the instructions on the face of those orders. *Bush*, 38 F.3d at 847.

Even if absolute immunity was not applicable to these defendants, defendants would be entitled to qualified immunity for plaintiff's claims. Qualified immunity–also known as "good faith" immunity–is an affirmative defense that must be asserted by the government official invoking it. *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). Qualified immunity shields government officials from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Everson v. Leis*, 556 F.3d 484, 493 (6th Cir. 2009) (quoting *Smoak v. Hall*, 460 F.3d 768, 777 (6th Cir. 2006)). This doctrine "protects all but the plainly incompetent or those who knowingly violate the law." *Everson*, 556 F.3d at 494 (quoting *Dorsey v. Barber*, 517 F.3d 389, 394 (6th Cir. 2008)).

The Supreme Court has held that there are two prongs to a qualified immunity analysis: (1) "a court must decide whether the facts that a plaintiff has alleged . . . or shown

. . . make out a violation of a constitutional right" and (2) "whether the right at issue as 'clearly established' at the time of the defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 815-16 (2009) (citing *Saucier v. Katz*, 533 U.S. 194 (2001)). In *Pearson*, the Supreme Court recognized that "judges of the district court and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand." *Pearson*, 129 S. Ct at 818 (holding that the *Saucier* protocol was beneficial but not mandatory). The Sixth Circuit employs a third prong in undertaking a qualified immunity analysis. This third prong determines "whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively reasonable in light of the clearly established constitutional rights." *Holzemer v. City of Memphis*, No. 09-5086, 2010 WL 3565501, at *4 (6th Cir. Sept. 15, 2010) (citations omitted).

When the defense of qualified immunity is raised, it is ultimately the plaintiff's burden to prove that the defendant is not entitled to qualified immunity. *Ciminillo v. Streicher*, 434 F.3d 461, 466 (6th Cir. 2006). The initial burden, however, is on the defendant, who must come "forward with facts to suggest that he acted within the scope of his discretionary authority during the incident in question." *Gardenhire v. Schubert*, 205 F.3d 303, 311 (6th Cir. 2000). "[T]he burden [then] shifts to the plaintiff to establish that the defendant's conduct violated a right so clearly established that any official in his position would have

clearly understood that he was under an affirmative duty to refrain from such conduct." *Gardenhire*, 205 F.3d at 311.

Because defendants have asserted qualified immunity in a motion for summary judgment, the Court will view all facts and inferences therefrom in the light most favorable to plaintiff. Granting summary judgment on the basis of qualified immunity is not appropriate if there is a factual dispute involving an issue on which the question of immunity turns or if the undisputed facts show that a defendant's conduct did indeed violate clearly established rights. *Gardenhire*, 205 F.3d at 311 (citations omitted). Plaintiff, however, has not filed a response rebutting defendants' assertion of qualified immunity.

Viewing the alleged facts and inferences in plaintiff's favor, the Court will assume, without deciding, that plaintiff has alleged a constitutional violation–that the orders under which defendants took possession of plaintiff's residence were invalid. Thus, the Court now turns to whether the alleged violations involve clearly established constitutional rights of which a reasonable person would have known. *See Holzemer*, 2010 WL 2565501, at *4. A determination of whether a constitutional right was clearly established is premised on the defendant's notice that his alleged actions were unconstitutional. *Lyons v. City of Xeniz*, 417 F.3d 565, 579 (6th Cir. 2005); *Cummings v. City of Akron*, 418 F.3d 676, 687 (6th Cir. 2005). Because the focus of the analysis is on whether a defendant had notice that his conduct was unlawful, "reasonableness is judged against the backdrop of the law at the time of the conduct. If the law at that time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the

13

burdens of litigation." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). "This inquiry must be taken in light of the specific context of the case, not as a broad general proposition." *Brosseau*, 543 U.S. at 198. "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 639-40 (1987).

Defendants contend that they were acting pursuant to the instructions on the face of the court orders and that they acted in accordance with those orders. The Court has reviewed the court orders and finds no indication, on the face of the orders, that the orders are invalid, improperly issued, or issued by a judge acting outside of his jurisdiction. Further, from the Court's review and consideration of those orders, defendants' actions pursuant to those orders was neither unreasonable nor violative of any clearly established right. In fact, a reasonable officer, when presented with the court orders reviewed by the Court, would have reasonably believed that taking possession of plaintiff's residence and property was proper. Even assuming as true plaintiff's allegations that the orders were invalid or improperly issued, defendants had been given what appeared to be valid court orders authorizing them to take possession of plaintiff's residence. Accordingly, defendants have met their initial burden of coming forward with facts to suggest that they acted within the scope of their discretionary authority in carrying out the judicial orders. Plaintiff, however, has not responded with any facts or argument that would indicate defendants' conduct violated clearly established rights.

Accordingly and in light of the above, summary judgment in favor of defendants Moore, Dunn, Mercks, Whitehead, and West is appropriate and these defendants will be dismissed from this case.

### C.    Defendant Berrong

Defendant Berrong, the sheriff of Blount County, was initially sued by plaintiff in both his official and his individual capacities. Defendant Berrong requested, and was granted, dismissal of plaintiff's official capacity claims against him [*see* Doc. 41]. Defendant Berrong has now moved for summary judgment as to plaintiff's individual capacity claims on grounds that he was not present on either July 8 or July 28, 2009, the dates on which plaintiff alleges his civil rights were violated.

Plaintiff alleges that defendant Berrong, along with other law enforcement officers, came to his residence on July 28 and unlawfully and without probable cause assaulted him in violation of plaintiff's constitutional rights. In response to these allegations, defendant Berrong has submitted an affidavit by defendant Mercks stating that defendant Berrong "was not present at any of the times complained of in the complaint and did not participate in any activities related to July 8 or July 28, 2009." [Doc. 3-12, p. 3]. Plaintiff has not submitted any affidavit or other evidence in support of the allegations contained in his complaint.

Upon the Court's review of the relevant pleadings, the affidavit of defendant Mercks, the record of this case, and given that plaintiff has not filed a response to indicate a genuine issue of material fact, the Court will grant defendant Berrong's request for summary

judgment, and plaintiff's individual capacity claims against defendant Berrong will be dismissed.

### D.    Defendants Bock, Hall, and Fillers

According to the complaint, members of the Blount County Sheriff's Department "assisted and ratified" defendant Bock and defendant Hall's actions in seizing and purloining plaintiff's private property without a valid court order [Doc. 25, pp. 5-6]. Also according to the complaint, defendant Filler won the bid on plaintiff's real property, "entered a scheme to defraud [plaintiff] out of his property[,]" "violated the term of the sale," and that, because of defendant Filler's wrongful acts, plaintiff suffered harm, including emotional distress, loss of property, and the loss of his right to privacy [*Id.*, p. 5]. Defendants Bock, Hall, and Filler have requested dismissal and/or summary judgment on grounds that plaintiff has failed to allege sufficient allegations to support claims against them pursuant to § 1983.

Plaintiff has filed responses in opposition and motions to strike the amended motion and motion to dismiss and/or for summary judgment filed by defendant Hall. In these responses, plaintiff asserts that the motions of defendant Hall are frivolous and substantive and procedural nullities. Plaintiff also asserts that no showing has been made that counsel for defendant Hall has standing or is authorized to represent him.

The Court has reviewed the motions filed by defendant Hall and disagrees with plaintiff that the motions are nullities. The Court also finds plaintiff's assertions pertaining to counsel for defendant Hall to be without merit. As to plaintiff's request to strike, plaintiff has not given the Court any specific basis for why these pleadings should be stricken and the

Court, upon its review of the motions, can find no reason for why such a request should be granted. *See Brown v. Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (stating that striking a pleading is considered to be a "drastic remedy to be resorted to only when required for the purposes of justice" and a tool which "should be sparingly used by the courts"). Accordingly, plaintiff's requests to strike will be denied and the Court will consider the amended motions and motion to dismiss and/or for summary judgment of defendant Hall.

Defendants Bock, Hall, and Filler are private parties and not state actors. A claim brought pursuant to § 1983 must satisfy two elements,: (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995)). "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs*, 316 F.3d at 590 (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). There are circumstances, however, in which a private person may become a "state actor" for purposes of § 1983. *Id.* "[A] private party can fairly be said to be a state actor if (1) the deprivation complained of was 'caused by the exercise of some right or privilege created by the State' and (2) the offending party 'acted together with or has obtained significant aid from state officials or because his conduct is otherwise chargeable to the State.'" *Id.* at 590-91 (quoting *Lugar v. Edmonson Oil Co.*, 457 U.S. 992, 937 (1982)).

The Sixth Circuit recognizes three tests under which private conduct is fairly attributable to the state:

> [T]he public function test, the state compulsion test, and the nexus test. The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state . . . . The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. Finally, the nexus test requires a sufficiently close relationship (i.e., through state regulation or contract) between the state and the private actor so that the action taken may be attributed to the state.

*Id.* at 591 (citing *Ellison*, 48 F.3d at 195) (internal quotation marks and internal citations omitted).

Even assuming plaintiff has stated allegations for violations of a constitutional right, the Court concludes that plaintiff has not adequately alleged facts to support any of the three tests in regard to any of these defendants. First, plaintiff has not alleged that defendants Bock, Hall, or Fillers were exercising powers traditionally reserved to the state. Second, plaintiff's allegation that members of the Blount County Sheriff's Department "assisted and ratified" the conduct of defendants Bock and Hall is not an allegation that the state encouraged or coerced defendants Bock or Hall to do any specific action. Further, plaintiff's allegation that defendant Fillers "entered a scheme to defraud" plaintiff in connection with the sale of his property contains no indication that the state had a role in that conduct. Third, plaintiff has not alleged that there was a sufficiently close relationship between the state and defendants Bock, Hall, or Fillers to show that the actions of these defendants were attributable to the state. Accordingly, the Court finds plaintiff's allegations to be "bare

assertion[s] of legal conclusions" and "unwarranted factual inferences" regarding these defendants alleged violations of plaintiff's rights. *See In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). Such allegations and inferences are insufficient to state a claim pursuant to § 1983 and plaintiff's claims against defendants Bock, Hall, and Fillers will also be dismissed.

### E. Defendants Phillip and Donna Hayes

The Court's review of the complaint shows that it does not state allegations or a cause of action against defendants Phillip and Donna Hayes. Notwithstanding this lack of claims or allegations, defendants Phillip and Donna Hayes have moved for summary judgment on grounds that the sheriff's sale of the property formerly belonging to plaintiff, and now owned by these defendants, was a properly conducted and valid sale and is not voidable as a matter of law. Plaintiff devotes much of his response to this motion to allegations directed at counsel for defendants, alleging that she has failed to show that she is licensed to practice law in Tennessee, failed to show that she is a duly authorized agent for defendants, and failed to show that she has personal knowledge of the facts of this case. Plaintiff's response, however, does not mention any other grounds for why plaintiff has stated a cause of action against defendants Phillip and Donna Hayes.

Despite a strong preference that claims be adjudicated on their merits, *see Jourdan*, 951 F.2d at 110, and the liberal construction courts give to the briefs of *pro se* litigants, *see Haines*, 404 U.S. at 520, the Court notes that "*pro se* parties must still brief the issues advanced 'with some effort at developed argumentation.'" *Coleman v. Shoney's, Inc.*, 79 F.

App'x 155, 157 (6th Cir. 2003) (quoting *United States v. Reed*, 167 F.3d 984, 993 (6th Cir. 1999) (internal quotations and citation omitted)). Rule 8(a)(2) of the Federal Rules of Civil Procedure, while it sets out a liberal pleading standard, still requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555 (quoting *Conley*, 355 U.S. at 47). Plaintiff in this case has failed, in both his complaint and his response, to provide that short and plain statement of relief as to defendants Phillip and Donna Hayes.

Also unavailing are plaintiff's arguments pertaining to counsel for defendants Phillip and Donna Hayes. As to plaintiff's argument regarding counsel's filing of a notice of appearance, no such formal notice of appearance is required. Local Rule 83.4(b) provides that the "filing of any pleading shall, unless otherwise specified, constitute an appearance by the person who signed the pleading. . . . *Counsel may file a formal notice of appearance, but it shall not be necessary to do so.*" E.D. TN. LR 83.4(b) (emphasis added). As to whether defendants' counsel is an "agent" of defendants and has personal knowledge of this case, the Court's review of defendants' motion reveals no violation of any requirement of the local rules for filing a pleading on behalf of a party and no violation of Federal Rule of Civil Procedure 11, which governs the signing of pleadings, motions, representations to the Court. *See* Fed. R. Civ. P. 11. Finally, as to plaintiff's allegation that defendants' counsel is not licensed to practice law in Tennessee, the Court's review of the pleading indicates that counsel signed the pleading and gave her Tennessee Board of Professional Responsibility

number beneath the signature line, indicating a valid Tennessee license to practice law, and plaintiff has given the Court no evidence to even infer that this might be a misrepresentation.

In addition, the Court agrees with defendants Phillip and Donna Hayes that summary judgment in their favor is appropriate. In support of their position that the sale of plaintiff's former property was in full compliance with Tennessee law and the relevant court orders, defendants have submitted the court orders, including a judgment lien against plaintiff's real property [Doc. 47-2] and the order of the sheriff's sale [Doc. 47-3]. Defendants have also submitted an affidavit stating that advertisement of the sale was published and notice of the sale was sent to plaintiff [Doc. 47-4; Doc. 47-5]. In addition, defendants have submitted the sheriff's deed showing that plaintiff's former property was sold to defendant Fillers as the highest bidder and that defendant Fillers then assigned the property to plaintiff's wife [Doc. 47-6], who then sold, by quitclaim deed, the property to defendants Phillip and Donna Hayes [Doc. 47-8]. Plaintiff has not addressed any of these court orders, property deeds, or the affidavit and has not brought to the Court's attention any other issue of fact pertaining to the sale of the property.

Accordingly, upon the Court's review of these documents, affidavits, and orders relating to the sale of plaintiff's former property to defendants Phillip and Donna Hayes, the Court finds no irregularity or indication that any part of the sale was invalid, irregular, or improper. Accordingly, and because plaintiff's complaint contains no cause of action or allegation relevant to defendants Phillip and Donna Hayes, and because there is no genuine issue of material fact as to whether the sale of the property was valid, defendants Phillip and

Donna Hayes are entitled to summary judgment in their favor and they will also be dismissed from this case.

## IV.     Request for Attorneys' Fees

Defendant Bock has requested attorneys' fees in this action on grounds that plaintiff's suit against him is frivolous, unreasonable, and wholly lacking in foundation.  Plaintiff has brought claims pursuant to § 1983, a civil rights statute which makes 42 U.S.C. § 1988 applicable.  *See* 42 U.S.C. § 1988(b).  Section 1988 provides that "[i]n any action or proceeding to enforce a provision of . . . [§ 1983] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."  *Id.*  Under this provision, a prevailing defendant may recover attorneys' fees when a plaintiff bringing suit under one of the covered statutes asserts claims that are "groundless, without foundation, frivolous, or unreasonable."  *See Karam v. City of Burbank*, 352 F.3d 1188 (9th Cir. 2003) (discussing attorneys' fees in an action brought pursuant to § 1983) (internal quotations omitted).  After considering the standard by which attorneys' fees are warranted, and after giving due consideration to the fact that this case has been brought by a *pro se* litigant, the Court does not find that this action rises to the level required for an award of attorneys' fees pursuant to § 1988.  Accordingly, the Court will decline to exercise its discretion and will decline to award attorneys' fees to defendant Bock.

## V.    Conclusion

For the foregoing reasons, the motion to dismiss and/or for summary judgment [Doc. 36] will be **GRANTED**, the motion to dismiss and/or for summary judgement [Doc. 37] will be **GRANTED,** the motion to dismiss [Doc. 43] will be **GRANTED**, the motion for summary judgment [Doc. 46] will be **GRANTED**, and the amended motion and motion to dismiss and/or summary judgment [Doc. 74; Doc. 76] will also be **GRANTED**. Accordingly, plaintiff's individual capacity claims against defendants Cunningham, Berrong, Mercks, Whitehead, West, Moore, Dunn, Fillers, and defendants Phillip and Donna Hayes will be **DISMISSED**.  Plaintiff's claims against defendant Bock, d/b/a Bock's Moving and Storage and defendant Hall, d/b/a Butler's Wrecker's Service will also be **DISMISSED**.  To the extent plaintiff has filed motions to strike pleadings [Doc. 78; Doc. 81], these requests will be **DENIED**.  Defendant Bock's request for attorneys' fees will be **DENIED**. The Clerk of Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.


s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE