UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| STANLEY LEE SUMMER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:10-CV-169 |
| | ) | (VARLAN/SHIRLEY) |
| JERRY GLENN CUNNINGHAM, *et al.*, | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on plaintiff Stanley Lee Summer's Motion for Reconsideration [Doc. 88], Motion to Disqualify Judge [Doc. 95], and five Motions to Strike [Docs. 96, 97, 98, 99, 100], in which plaintiff requests that the Court strike the responses filed by defendants to plaintiff's motion for reconsideration. Defendants have responded in opposition to plaintiff's motion for reconsideration [Docs. 89, 90, 91, 92, 93]. No responses have been filed to plaintiff's motion to disqualify judge or plaintiff's motions to strike. For the reasons set forth herein, plaintiff's motions will all be denied.

**I.      Motions to Strike Defendants' Responses**

In each of these motions [Docs. 96, 97, 98, 99, 100], plaintiff has requested that the Court strike defendants' responses to plaintiff's motion for reconsideration. While a request to strike a pleading may be brought, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, such a request is not the proper way to respond to a pleading. Rule 12(f) allows the Court to strike from a pleading an insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Courts generally disfavor motions to strike and such motions will be granted only sparingly and only when the purposes of justice require. *See Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).

In plaintiff's motions to strike, plaintiff has not directed the Court to any valid reason why defendants' responses should be stricken from the record and has only reiterated his arguments from his motion for reconsideration. The Court, however, recognizes that *pro se* litigants are allowed a degree of latitude in their filings. *See Bosewell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Accordingly, while plaintiff's motions to strike [Docs. 96, 97, 98, 99, 100] will be **DENIED**, the Court will interpret the motions as reply briefs to defendants' responses to plaintiff's motion for reconsideration.

## II.    Motion for Reconsideration

Plaintiff moves the Court for reconsideration of the memorandum opinion and order (the "M&O") dismissing plaintiff's claims and closing this case [Docs. 86, 87]. As grounds for the requested reconsideration, plaintiff asserts that the M&O was unlawful because it failed to state any findings of fact or conclusions of law in violation of Rule 56 of the Federal Rules of Civil Procedure. Plaintiff also asserts that the M&O erred in finding that attorney Katherine Hamilton did not commit a fraud; erred in finding that defendants Joe Fillers, Phillip and Donna Hayes, and Jerry Hall are private citizens; and erred in the Court's findings regarding several defendants' immunity.

Plaintiff has not stated the rule under which he brings his motion. The Court, therefore, first assumes that plaintiff's motion is being brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 59(e). To prevail on a Rule 59(e) motion, a party "must either clearly establish a manifest error of law or must present newly discovered evidence" to the court. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007). The party cannot use a motion to reconsider to raise new legal arguments that could have been raised before a judgment was issued. *Id.* Here, plaintiff does not point to newly discovered evidence as grounds for his Rule 59(e) motion and thus, plaintiff must clearly establish that the Court made a manifest error of law in the challenged M&O.

Plaintiff cannot meet this burden. In the M&O, the Court dismissed plaintiff's claims as to some defendants pursuant to motions to dismiss, and dismissed plaintiff's claims as to other defendants pursuant to motions for summary judgment. In making those determinations, the Court referenced case law from the U.S. Supreme Court and the U.S. Court of Appeals for the Sixth Circuit in finding that defendants who were members of the Blount County Sheriff's Department were entitled to absolute immunity for plaintiff's claims against them and, even if they were not, those defendants were entitled to qualified immunity because plaintiff had not established that they had violated a clearly established statutory or constitutional right of which a reasonable person would have known [Doc. 86, pp. 8-14]. *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (discussing quasi-judicial immunity); *Everson v. Leis*, 556 F.3d 484, 493-501 (6th Cir. 2009) (discussing qualified immunity). The

Court also found defendants Jon Bock, Jerry Hall, and Joe Filler to be private parties and not state actors for purposes of plaintiff's § 1983 claims [*Id.*, pp. 16-20]. *See Tahf v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). Further, the Court found that plaintiff had failed to allege sufficient facts to support his claims against these defendants. Plaintiff has cited no authority or facts in his motion for reconsideration that would alter this determination. The Court also found that plaintiff had failed to allege sufficient facts to support claims against defendants Phillip and Donna Hayes because the complaint did "not state allegations or a cause of action against" these defendants [*Id.*, p. 19]. Plaintiff has not alleged any new facts or law that would show this ruling to be in error. Finally, the Court once again rejects plaintiff's assertion that attorney Katherine Hamilton attempted a fraud on the Court. Upon plaintiff bringing up this argument, the Court conducted the appropriate inquiry into attorneys licensed to practice in Tennessee, using Ms. Hamilton's first and last name as queries. Upon that inquiry, the Court found Ms. Hamilton listed as a licensed attorney in Tennessee and found that the Board of Professional Responsibility number given in her pleading was not the correct number due to a typographical error.

In sum, plaintiff has not shown that the M&O contains a clear error of law or that the Court's decision was against the weight of the evidence. Plaintiff has also not pointed to any newly discovered evidence or intervening change in controlling law and has not shown a

need to prevent manifest injustice or improper conduct by counsel or the Court. Accordingly, plaintiff's motion for reconsideration pursuant to a Rule 59(e) analysis will be **DENIED**.

Assuming plaintiff brought his motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the Court finds that plaintiff cannot sustain his burden under this rule as well. Rule 60(b) provides that a party may obtain relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Broadly construing plaintiff's motion, it appears that plaintiff seeks relief pursuant to Rule 60(b)(3). The decision to grant relief under Rule 60(b)(3) rests in the discretion of the district court. *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir.1998).

Under Rule 60(b)(3), "the Sixth Circuit requires a demonstration by the moving party, supported by clear and convincing evidence, that one or more of the three kinds of

misbehavior referred to in the rule occurred."[1] *Jordan v. Paccar, Inc.*, 97 F.3d 1452 (Table), 1996 WL 528950, at *9 (6th Cir. 1996). The non-moving party then has the burden to "demonstrate by clear and convincing evidence that the misbehavior which occurred had no prejudicial effect on the outcome of the litigation." *Id.*

Upon review of the M&O, the underlying briefs, plaintiff's motion for reconsideration, defendants' responses, and the relevant law, the Court does not find that any defendant or counsel for any defendant engaged in a misrepresentation, fraud, or other misconduct worthy of Rule 60(b)(3) relief. Although plaintiff argues that Ms. Hamilton has attempted to work a fraud, for the reasons given above, the Court has found no basis for this allegation. Thus, having no "clear and convincing" evidence of fraud, misrepresentation, or other misconduct in this case, plaintiff's motion for reconsideration under a Rule 60(b) analysis will also be **DENIED**.

---

[1] For the purpose of a Rule 60(b)(3) motion, the Sixth Circuit has held:

> "Misrepresentation" can be interpreted as an affirmative misstatement. "Fraud" can be interpreted as reaching deliberate omissions when a response is required by law or when the non-moving party has volunteered information that would be misleading without the omitted material. And "other misconduct" can be interpreted to reach questionable behavior affecting the fairness of litigation other than statements or the failure to make statements."

*Jordan*, 1996 WL 528950, at *6 (citations omitted). *See also Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 456 (6th Cir. 2009) (setting forth the definition of fraud for purposes of Rule 60(b)(3) as "the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment") (citations omitted).

Regardless, the standard for Rule 60(b)(3) reveals that a motion for reconsideration under this provision should be denied if the Court's decision would not change in light of the new evidence or as a result of the fraud, misrepresentation, or other misconduct. *See Jordan*, 1996 WL 528950, at *9. Such is the case here. The Court based its rulings in the M&O on controlling case law addressing the arguments and issues raised in defendants' motions to dismiss and motions for summary judgment. After the Court's review of the applicable law and the facts of this case, in addition to the arguments and cases submitted by plaintiff in his motion for reconsideration, the Court is satisfied that the decisions and rulings in the M&O would not change.

Accordingly, and in light of plaintiff's failure to cite controlling precedent in support of his arguments, and in light of the Supreme Court and Sixth Circuit precedent already cited by this Court, plaintiff's motion for reconsideration [Doc. 88] of the Court's previously-filed M&O will be **DENIED**.

### III. Motion to Disqualify Judge.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Interpreting this statute, the Sixth Circuit has stated that "a judge must recuse [himself] if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality" but a "judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (citing *Hughes v. United States*, 899 F.2d 1495,

1501 (6th Cir. 1990), *cert. denied*, 111 S. Ct. 508 (1990), *rehearing denied*, 111 S. Ct. 1027 (1991)). Furthermore, the Supreme Court has observed that bias that requires recusal must be personal or extrajudicial. *Liteky v. United States*, 510 U.S. 540, 548 (1994); *Sammons*, 918 F.2d at 599. "Personal bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *United States v. Nelson*, 922 F.2d 311, 319-20 (6th Cir. 1990) (quotations omitted). The basis for recusal under § 455(a), therefore, cannot be a judge's prior ruling.

Plaintiff has moved for disqualification of the undersigned on grounds of gross incompetence and gross partiality. Plaintiff also seems to argue that the undersigned should have recused himself because he rendered an opinion and "testified" in this case.

As an initial matter, the Court notes that plaintiff had not previously requested that the undersigned recuse himself from this case, prior to the instant motion. Plaintiff did, however, bring a similar motion in regard to the district judge assigned this case prior to the undersigned [*see* Doc. 54]. That motion was denied as moot in light of the subsequent reassigning of this case [*see* Docs. 58, 66]. As to plaintiff's request, the Court notes that plaintiff has given no specific example of incompetence, impartiality, or bias. Plaintiff has also given no example or explanation for his contention that the undersigned improperly "testified" as a witness. Accordingly, given the foregoing, the Court finds that the grounds submitted by plaintiff as reasons for why this district judge should be disqualified or should have recused himself are neither true, nor do they support disqualification or recusal. Finally, plaintiff has given no reason for why a reasonable person would question this district judge's

ability to be impartial. Accordingly, and in light of the foregoing, plaintiff's motion to disqualify judge [Doc. 95] will be **DENIED**.

IV. **Conclusion**

For the reasons given above, plaintiff's Motion for Reconsideration [Doc. 88] is **DENIED**, plaintiff's Motion to Disqualify Judge [Doc. 95] is **DENIED**, and plaintiff's Motions to Strike [Docs. 96, 97, 98, 99, 100] are **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE